# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HAMILTON,<br><br>        Plaintiff,<br><br>    v.<br><br>D. VIGLER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-00982-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 17)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.     Findings and Recommendations Following Screening of Amended Complaint

    A.     Procedural History

Plaintiff Alan Hamilton ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Vigler removed the action from Kings County Superior Court to this court on July 27, 2006. On February 26, 2007, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on March 19, 2007.

    B.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

C.  Plaintiff's Claims

The events at issue in this action allegedly occurred at Avenal State Prison, where plaintiff was housed at the time. Plaintiff names D. Vigler and J. Cota as defendants. Plaintiff is seeking money damages.

Plaintiff's claims arise from defendants' refusal to allow plaintiff access to his vocational assignment. Plaintiff alleges that he had a medical chrono permitting him to grow a beard, but defendants disregarded the chrono and barred him from his assignment on the ground that he presented a safety risk. Plaintiff alleges defendants issued him disciplinary violations on three occasions for failing to report to class, and all three times the violation reports were investigated and defendants were instructed to permit plaintiff entry to his assignment.

Plaintiff alleges that defendants belittled his medical condition, acted with deliberate indifference to his right to due process in violation of the Fourteenth Amendment of the United States Constitution, attempted to cause him to be placed in an adverse privilege group, and selectively targeted African-American inmates. Plaintiff alleges claims for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

      1.     Due Process Claim

Plaintiff alleges defendants violated his right to due process. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

1      Although plaintiff alleges that defendants violated his due process rights by interfering with his access to his vocational assignment, plaintiff does not have a protected liberty interest in his vocational assignment. Sandin, 515 U.S. at 484; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985). Because plaintiff does not have a protected liberty interest in his vocational assignment, plaintiff may not pursue a claim for relief based on denial of due process arising from defendants' interference with his access to his assignment.

                2.     Equal Protection Claim

     Plaintiff alleges that defendants "targeted and unjustly barred the access of the plaintiff and other African-American inmates through the workchange station, as the plaintiff's medical and facial condition is very common and predominantly experienced by African-American males." (Doc. 17, pg. 6.) "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

     Plaintiff's amended complaint does not set forth facts supporting a claim that defendants intentionally discriminated against him based on race. Accordingly, plaintiff fails to state a claim for relief under for violation of the Equal Protection Clause. Further, plaintiff attached his inmate appeal and the responses to the appeal to his amended complaint. Although plaintiff grieved defendants' refusal to process him through the work-change despite his medical chrono, the appeal did not grieve racial discrimination. Plaintiff may not proceed on a claim that has not been exhausted, Jones v. Bock, 127 S.Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)), and an alternate ground mandating dismissal of this claim is plaintiff's failure to exhaust,

4

Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .")..

D. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     March 22, 2007**                             **/s/ Sandra M. Snyder**
icido3                                                      UNITED STATES MAGISTRATE JUDGE