UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HAMILTON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>D. VIGLER, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:06-cv-00982-LJO-SMS PC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 18)<br><br>**ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983** (Doc. 17)<br><br>**ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G)** |

　　Plaintiff Alan Hamilton ("plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　On March 22, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the

1

Findings and Recommendations were to be filed within thirty days. On April 17, 2007, plaintiff filed an Objection to the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff does not have a protected liberty interest in his vocational assignment, and therefore no federal due process claims lies from defendants' interference with his access to his vocational assignment. <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995); <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530-31 (9th Cir. 1985). Plaintiff's contention that because he is African-American, defendants must have been targeting him based on race is insufficient to support a claim for denial of equal protection. (Obj., 5:5-10.) Plaintiff has not alleged any facts which would support a claim that defendants intentionally discriminated against him based on his race. <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003). Plaintiff also concedes non-exhaustion of this claim, which would bar him from pursuing the claim in this action even if his allegations had been found sufficient to state a claim. <u>Jones v. Bock</u>, 127 S.Ct. 910, 918-19 (2007). (Obj., 5:11-18.)

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 22, 2007, is ADOPTED IN FULL;

///

2.   This action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983; and

3.   This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   June 1, 2007**                         /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE